# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CENTURY SURETY COMPANY,** | § | |
| | § | |
| v. | § | A-09-CA-624 LY |
| | § | |
| **TAYLOR DISPOSAL OPERATING, INC.,** | § | |
| **CAVERN DISPOSAL, INC.,** | § | |
| **PINNERGY, LTD., RANDY TAYLOR,** | § | |
| **FUNDERBURK ENTERPRISES, LLC,** | § | |
| **RAYMOND FUNDERBURK AND** | § | |
| **NANCY FUNDERBURK** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants Taylor Disposal, Inc., Cavern Disposal Inc., Pinnergy, Ltd., and Randy Taylor's Motion to Dismiss Under FED. R. CIV. P. 12 and/or Motion for More Definite Statement and Brief in Support Thereof (Clerk's Doc. No. 8) filed September 10, 2009; Plaintiff Century Surety Company's Response to Motion to Dismiss (Clerk's Doc. No. 9) filed September 21, 2009; Defendants Taylor Disposal, Inc., Cavern Disposal Inc., Pinnergy, Ltd., and Randy Taylor's Reply to Plaintiff's Response to Motion to Dismiss and/or Motion for More Definite Statement (Clerk's Doc. No. 12) filed October 1, 2009.

The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

On August 18, 2009 Century Surety Company filed its Original Complaint for Declaratory Judgment (Clerk's Doc. No. 1), requesting a declaration from the Court that Century has no obligation to defend and no obligation to indemnify Taylor Disposal, Inc., Cavern Disposal Inc., Pinnergy, Ltd., and Randy Taylor under any Century Policy with regard to the lawsuit *Funderburk Enterprises, LLC, Raymond Funderburk, and Nancy Funderburk v. Cavern Disposal, Inc., Taylor Disposal Operating, Inc., Pinnergy, Ltd., and Randy Taylor,* styled Cause No. 1:09-CV-327-LY and filed in the Austin Division of the Western District of Texas ("the Underlying Lawsuit"). Century Surety also requests attorney's fees and costs of court.[1]

## II. ANALYSIS

### A. Issues Presented

Defendants in the instant suit move to dismiss or for a more definite statement alleging that: (1) the Court cannot determine whether there is a duty to indemnify without a prior determination of the duty to defend thus the Complaint should be dismissed as too broad; (2) the Plaintiff has failed to limit the determination of the duty to defend and duty to indemnify to the current, pending pleadings, and thus is preemptively seeking a binding and final determination of these issues when the pleadings may still be amended thus rendering any opinion on this issue advisory; and (3) that Plaintiff has failed to plead an adequate legal basis for its request for attorney's fees.

---

[1] In the Underlying Lawsuit the Defendants moved to dismiss for lack of subject matter jurisdiction, alleging that diversity jurisdiction has not been sufficiently established because the Plaintiffs assigned the interest in the litigation from Freestone Underground Storage, Inc. (a Texas corporation whose participation would defeat diversity), to Funderburk Enterprises, LLC, (a New York entity), which violates the anti-collusion provisions of 28 U.S.C. § 1359. The Magistrate Judge recommended that the Motion to Dismiss be granted on this basis.

**B.     Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *See, e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence. *Stockman*, 138 F.3d at 151; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 566 (N.D. Tex. 1997).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "a district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413). The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiffs complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction. *Id.* In this

instance, the court is merely required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true. *Id.*

In support of their motion to dismiss, Defendants contend that the court lacks jurisdiction over Plaintiff's claims to the extent that it seeks a declaratory judgment on its duty to indemnify prior to the rendition of a judgment in the Underlying Lawsuit, unless the duty to indemnify is negated by the Court's finding that there is no duty to defend. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Defendants argue that if the Court finds there is a duty to defend, then a determination of the indemnity issue would be premature and advisory prior to the trial of the Underlying Lawsuit. *Foust v. Ranger Ins. Co.*, 975 S.W.2d 329, 332 n.1 (Tex. App. – San Antonio 1998, pet. denied). In Texas, the insurer's duty to defend and indemnify arises directly out of the claims made against the insured and to determine the existence of those duties, the court must look to the eight corners of the applicable policy and the underlying complaint. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997).

Plaintiff responds that it is requesting the Court to find that there is no duty to indemnify based upon the same reasoning that it is arguing it has no duty to defend and thus the Complaint should not be dismissed as overbroad. Plaintiff further argues that dismissal of its Complaint would deny it the opportunity to obtain a Court ruling on the duty to defend issue. Thus Plaintiff argues, Defendants' argument on this issue is premature. Plaintiff also asserts that if the Court does find a duty to defend exists, then the proper procedure would be to abate the duty to indemnify issue until resolution of the Underlying Lawsuit. Plaintiff points out that this Court's inquiry should be limited as to whether this Court has jurisdiction over the Declaratory Judgment action as it is currently pled.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a district court "may declare the rights and other legal relations of any interested party." The Advisory Committee Notes for Rule 57 of the Federal Rules of Civil Procedure state, "[t]he existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared." *See* FED. R. CIV. P. 57 advisory committee's note. "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). When determining whether to adjudicate a declaratory judgment action, a district court should ask "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (reversing dismissal on abstention grounds) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000)); *see also Allstate Ins. Co. v. Melton*, 482 F.Supp.2d 775, 779 (S.D. Miss.2007).

The purpose of the Federal Declaratory Judgment Act is to settle "actual controversies" before they ripen into violations of law or breach of some contractual duty. *Chevron U.S.A., Inc. v. Traillor Oil Co.*, 987 F.2d 1138, 1154 (5th Cir. 1993) (quoting *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)); *see also* § 2201(a). The Act allows relief to be given by way of recognizing a plaintiff's right even though no immediate enforcement of it was asked. *Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 660 n.3 (1998).

Because Plaintiff is an Ohio corporation, defendants are Texas and New York citizens, and the amount in controversy exceeds $75,000, the Court possesses diversity jurisdiction over this

5

lawsuit. 28 U.S.C. § 1332. Furthermore, the Fifth Circuit has squarely held that an "actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment." *American States Insurance Company v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998); *see also Western Heritage Insurance Co., v. River Entertainment*, 998 F.2d 311 (5th Cir. 1993). The Court is persuaded by Plaintiff's arguments. This case is in its early stages and any determination that a duty to defend exists would necessarily delay ruling on the duty to indemnify. However, the Court could potentially rule on the Plaintiff's duty to indemnify if it was negated by the same reasoning negating the duty to defend. Thus any ruling regarding Plaintiff's duty to defend and a dependent duty to indemnify would not be advisory.

With regard to Defendants' argument regarding the potential amendment of pleadings, if the declaration of these duties required that all amendments be in place, in effect it would require that the underlying action proceed to judgment prior to the resolution of the Declaratory Judgment cause of action. Clearly, that is not the law. *Id.* In Texas, the duty to defend is determined by the *latest* amended pleading. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004). However, there is no requirement that the duty to defend be determined by a *final* amended pleading. Accordingly, the Court concludes it has jurisdiction to determine this controversy.

### C. 12(b)(6) Standard

Rule 12 (b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974). The issue is not whether the plaintiff will

6

ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.* In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1949 (2009). While a complaint

> does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (citations and internal footnote omitted).

Plaintiff in this case has pled adequate facts to support its Declaratory Judgment Act claim. Plaintiff has requested a declaration regarding its duty to defend and duty to indemnify Defendants in this suit under various insurance policies. The "eight corners" rule of Texas insurance coverage law provides that the terms of the policy and the plaintiff's factual allegations in the Complaint in the underlying suit determine the duty to defend. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 31 (Tex. 2008). Plaintiff has cited and attached various relevant insurance policies and the Complaint in the Underlying Lawsuit in requesting declaratory relief. Plaintiff has

adequately pled its cause of action. The Court finds that dismissal of its claims on this basis would be improper.

E.  **Motion to Dismiss Attorney's Fees**

Defendants assert that Plaintiff's claim for attorney's fees should be dismissed as the Federal Declaratory Judgment Act does not provide for such fees. The Federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988). Furthermore, the "otherwise ... available" source of attorney's fees required under § 2202 must be a substantive source. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas [declaratory judgment act] to authorize attorney's fees in a diversity case because the statute is not substantive law."); *accord Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 772 (5th Cir. 1999). Since there is no basis for the fees pled in Plaintiff's Complaint the Court recommends that this claim for fees be dismissed. Plaintiff is free to amend its Complaint in the future to add a claim for attorney's fees if it has a tenable legal basis for such a claim.

F.  **Alternative Motion for More Definite Statement**

In the alternative, Defendants request that the Court order Plaintiff to replead with a more definite statement, so as to give notice to of the facts Plaintiff relies upon in pursuing this action. Rule 12(e) of the Federal Rules of Civil Procedure requires the movant, in a motion for a more definite statement, to "point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). Defendants have failed to do this. Instead, Defendants request "a more definite statement of the precise relief requested" without pointing out exactly which details of the pleaded facts are

deficient. As stated above, the Court is satisfied that Plaintiff has made factual allegations in its Complaint sufficient to support its Declaratory Judgment Act cause of action. Moreover, all claims can be further developed through discovery, which the Court determines to be the more appropriate vehicle to gather facts in this case. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). The Court recommends that Defendants' alternative motion for a more definite statement be denied.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendants Taylor Disposal, Inc., Cavern Disposal Inc., Pinnergy, Ltd., and Randy Taylor's Motion to Dismiss Under FED. R. CIV .P. 12 and/or Motion for More Definite Statement and Brief in Support Thereof (Clerk's Doc. No. 8). The undersigned **RECOMMENDS** that the District Judge **DENY** the Motion to Dismiss Plaintiff's Declaratory Judgment Act causes of action regarding its duty to defend and duty to indemnify Defendants, but that the District Judge **GRANT** the motion as to Plaintiff's request for attorney's fees, and **DISMISS** that claim. The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** the Alternative Motion for More Definite Statement.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

9

bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE